Allen, P.
delivered the opinion of the court:
The court is of opinion, that as by the Code, p. 684, ch. 182, § 10, it is provided, that “the petition shall be rejected, when it is for an appeal from an interlocutory decree or order in a case, which the court or judge to whom it is presented deems it most proper should be proceeded in farther in the court below before an appeal is allowed therein,” it is equally competent for the appellate court after an appeal has been allowed, to dismiss the same as having been improvidently granted and remand the case, if it deems the case to be one in which justice to all interested, makes it proper that it should be proceeded in farther in the court below, before concluding the rights of the parties interested in the decree, by reversing or affirming the same.
And it appearing that the interlocutory decree com *482 plained of in this case was rendered on the 1st of June 1836, whereby a contract of sale in the bill and proceedings set out, as having been theretofore made with Colonel Bobert Beattie was confirmed, and a conveyance of the land sold was directed to be made by a commissioner to said Beattie, upon the purchase money being paid or secured; that since then no proceedings besides continuances have been taken in the cause, except an order directing a settlement of the guardian account, made at the October term 1845, and an entry made in the year 1853, suggesting the death of one of the heirs of Charles C. Johnston, the marriage of the other, and a revivor of the cause against the surviving executor and guardian; the court is of opinion that it could not act upon the appeal after such a lapse of time, and in the present condition of the record, without the hazard of injustice.
The purchaser is no party to the record; it does not appear whether he acquiesced in said interlocutory decree confirming his contract for the purchase of the land; and if he has acquiesced, whether he has paid the purchase money, or received a conveyance. If the purchase has been completed, he has an interest in the decree, which should not be disturbed until he has been made a party and had an opportunity of being heard in support thereof.
The court is further of opinion, that in the present condition of the record it would be unjust to the appellee to express any opinion upon the alleged errors in said interlocutory decree. The propriety of the sale must be determined by ascertaining the condition of the estate at the time when the sale was made. If the sale was necessary under the facts then existing, and was fairly made for a full price, it does not follow that mere irregularities in the proceedings, if any such occurred, would make it necessary to set the same aside upon a final hearing. But whether such sale *483 was proper or not cannot be correctly determined until an account of the liabilities and assets of the estate is taken: And the executorial and guardian accounts should be settled, and an enquiry made as to the payment of the purchase money of said land and the application thereof, before any final decree is pronounced.
To bring all these matters properly before the court for adjudication, the appellee should be required to amend his bill and make the said Robert Beattie, the purchaser of said land, and those claiming under him, if any, parties defendants; proper accounts should be ordered and taken; leave should be given to the appellee to file the affidavit prescribed by the 16th section of the act of 1819, 1 Rev. Code, p. 405, concerning guardians; and to show if he can that the depositions of the witnesses filed had been taken in presence of the guardian ad litem, or upon interrogatories agreed upon by him; and leave should be given to both parties to take further testimony, so as to enable the court upon a final hearing, to decide the cause with all the parties in interest before it, and in view of all the circumstances entitled to consideration.
It is therefore adjudged, ordered and decreed, that the appeal be dismissed as improvidently granted, with costs to the appellee, and that the cause be remanded to be proceeded in farther in the mode above indicated, in order to a final decree.
Appeal dismissed.