JOYNES, J.,
delivered the opinion of the court:
The court is of opinion that this case is ruled by that of Hughes and wife v. Johnston, 12 Gratt. 479. The interests of all parties will be best promoted by remanding the case to the Circuit court, to be there further proceeded in, after the purchaser of the “Soldier’s Joy” estate, and those claiming under him, if any, and all other parties interested, shall have been brought before the court. Then the alleged irregularities of the proceedings can be investigated upon the evidence now in the cause, and such other as any of the parties may produce, and may be corrected, if they admit of correction ; defective proof may be supplied, as far as may be proper; any accounts may be taken which may be necessary to do justice between the parties. And the court, with all the facts and all the parties interested before it, can determine, without the risk of injustice, whether the sale, which is the main subject of controversy, should stand or be set aside.
It would be contrary to natural justice, and to the practice which has prevailed in like cases, to conclude the purchaser, whose purchase has been confirmed and consummated by a conveyance of the title, by a decision of these questions before he has been brought before the court. The purchaser was brought before the court by supplemental proceedings in Pierce’s adm’rs v. Trigg’s heirs, 10 Leigh 406, and in Parker v. McCoy, 10 Gratt. 594, as well as in Hughes and wife v. Johnston, 12 Gratt. 479, before cited; while, in Huston’s adm’r v. Cantrill, 11 Leigh 136; Cocke’s adm’r v. Gilpin, 1 Rob. R. 26, and Buchanan v. Clark, 10 Gratt. 164, there *was no necessity to resort to supplemental proceedings, because the purchaser was already a party in the cause.* See also Bank United States v. Ritchie, 8 Peters R. 128; Colclough v. Sterum & al., 3 Bligh P. Cas. 181; Coger v. Coger, 2 Dana’s R. 270; McKee’s heirs v. Hann, 9 Dana’s R. 526; Parker’s heirs v. Anderson’s heirs, 5 Monr. R. 445.
It is, therefore, adjudged, ordered and decreed, that the appeal in this case be dismissed as improvidently allowed, that *245 Daniel H. Ivondon, the next triend of the appellants, who are infants, pay to the ap-pellees their costs, and that the cause be remanded to the Circuit court to be there further proceeded in according to the foregoing opinion, in order to a final decree.
Appeal dismissed as improvidently allowed.